UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR T. DJANGMAH, | |
| Plaintiff, | Civ. No. 15-6637 (KM) (JBC) |
| v. | |
| STATE OF NEW JERSEY et al., | OPINION |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Victor T. Djangmah, is incarcerated at the Morris County Correctional Facility, in Morristown, New Jersey. He is proceeding pro se with a civil rights complaint. This Court previously granted Mr. Djangmah leave to proceed *in forma pauperis*. (ECF No. 7.)

This Court must now review the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed, but without prejudice to the submission of an amended complaint.

## II. BACKGROUND

The complaint lists as defendants the State of New Jersey, the Riverdale Police, the "Superior Court of Morristown," the "Prosecutor's Office," and "Warden Klein et al." (ECF No. 1.) It appears that Mr. Djangmah challenges the propriety of a warrant or complaint that formed the basis for his arrest (*id.* at 1–3); alleges that someone interfered with his access to the courts and retaliated against him for filing grievances (*id.* at 2); asserts that the bail assigned him was

improper (*id.* at 2); alleges that he was retaliated against for statements in court by being pepper sprayed, subjected to strip searches, and placed in solitary confinement (*id.* at 4); and claims that "defendants unnecessarily and wantonly inflicted pain on [him] in violation of the Eighth Amendment" (*id.* at 5). The complaint identifies or implies various causes of action, including false arrest, false imprisonment, malicious prosecution, denial of access to the courts, retaliation, cruel and unusual punishment, fraud, perjury, and obstruction of justice. (*Id.* at 1–6.) It similarly includes references to a laundry list of legal provisions, habeas corpus, 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1983, the Due Process Clause, the Equal Protection clause, sections of the Uniform Commercial Code, and the First, Fourth, Fifth, Sixth, Eighth, Eleventh, Thirteenth, and Fourteenth Amendments of the Constitution. (*Id.*)

The complaint seeks an order for an investigation and evidentiary hearing, for an order "directing defendants to release property," and an award of punitive damages. (*Id.* at 7.)

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), a district court must review a prisoner complaint when the prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The PLRA directs district courts to sua sponte dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, while the Court, on screening for dismissal, assumes that all factual allegations are true, legal conclusions without factual support do not benefit from the same presumption. *See Id.*

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Federal Rule of Civil Procedure 8 requires that every pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Consistent with this rule, the Supreme Court of the United States has found that it is insufficient for a complaint to include only "'naked assertions'

3

devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## IV. DISCUSSION

Mr. Djangmah's complaint includes hardly any factual allegations, but asserts a wide variety of legal conclusions. As to the warrant or complaint under which he was arrested, for example, he provides no details as to what the claimed defect is, or even what crime he was accused of committing. He alleges that an "Officer McDermott," not listed as a defendant in the caption, "and co-conspirators perjured by abusive [sic] of power did violate 18 USCS 241 and 242," but the complaint includes no other facts or allegations as to Officer McDermott. While Mr. Djangmah cites many provisions of the United States Constitution, he provides little or no explanation of the type of violation alleged, and virtually no facts that would suggest the existence of such a violation. Mr. Djangmah asserts that he was denied access to the court, but fails to identify what potentially meritorious claim he attempted to bring, or was prevented from bringing. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). I am cognizant of his *pro se* status, but the Court requires more than this. Facts must be stated in order to meet the pleading standard imposed by by the Supreme Court in *Iqbal* and *Twombly*.

While Mr. Djangmah alleges that he "was falsely arrested by Riverdale Police," he does not identify any officers who were involved in that arrest. (*See* ECF No. 1 at 1.) A police department is not a distinct entity that may be sued for alleged civil rights violations, *see Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014), so I construe it liberally as a claim against the Borough of Riverdale. *See Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). Municipalities may not be held liable purely on a theory of vicarious liability, but only for their own acts. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 35–36 (2010);

4

*Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 174–75 (3d Cir. 2017) ("A municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation."). Mr. Djangmah alleges no policy or custom, or any other distinct act by the Borough of Riverdale, that purportedly led to his arrest.

Mr. Djangmah may come closest to pleading a retaliation claim. An incarcerated plaintiff pleads a claim for retaliation by alleging that "(1) he engaged in constitutionally protected conduct[,] (2) he suffered an adverse action[,] and (3) the constitutionally protected conduct was a substantial or motivating factor for the adverse action." *Brant v. Varano*, ___ F. App'x ___, 2017 WL 5495519, at *2 (3d Cir. Nov. 16, 2017); *see also Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001). Mr. Djangmah's complaint asserts that "Plaintiff's rights to object statements by judge, and prosecutor with respect to defective invalid complaint-warrant has caused retaliation to restrict his rights to access to court and to be harmed and injured by correctional officers by pepper spraying and over a dozen times of illegal strip[] search, placing him in solitary confinement for 30 days, without no cause . . . ." (ECF No. 1 at 4.) This allegation does not make clear the nature of the constitutional right that Mr. Djangmah sought to exercise or any facts to support the allegation that these sanctions were retaliatory. Most problematically, as with most of the other claims, Mr. Djangmah fails to identify any person who was allegedly directly involved in the conduct of which he complains. *See Kohler v. Penn.*, 438 F. App'x 120, 123–24 (3d Cir. 2011) (finding that plaintiff did not state a claim as "he fails to connect the named defendants to [alleged constitutional] violations").

## V. CONCLUSION

For the foregoing reasons, Mr. Djangmah's complaint will be dismissed for failure to state a claim upon which relief may be granted. This dismissal is without prejudice to the submission of an amended complaint, containing the necessary **factual** allegations, within 30 days after the entry of this opinion and order.

DATED: December 20, 2017

KEVIN MCNULTY
United States District Judge